Karen S. Spicker, SBN 127934
Doan Law, LLP
1930 Coast Hwy., Suite 203
Oceanside, CA 92054
Phone (760) 450-3333 • Fax (760) 720-6082
Karen@doanlaw.com

Attorney for Defendant, Shahin Ketabian

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHIN KETABIAN,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No.: '17CV1050 H   JLB<br><br>**COMPLAINT SEEKING MONETARY DAMAGES, STATUTORY DAMAGES, INJUNCTIVE RELIEF; AND DECLARATORY RELIEF FOR:**<br><br>**1. INDEPENDENT ACTION IN EQUITY TO SET ASIDE AND VACATE JUDGMENT FOR LACK OF PERSONAL JURISDICTION;**<br>**2. INDEPENDENT ACTION IN EQUITY TO SET ASIDE AND VACATE JUDGMENT FOR EXTRINSIC FRAUD OR MISTAKE;**<br>**3. VIOLATION OF 15 U.S.C. §1692f(1); and**<br>**4. VIOLATION OF CAL. CIV. CODE 1788.17 (under 15 U.S.C. §1692f(1)**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

1

# I.

# INTRODUCTION

1.    Plaintiff Shahin Ketabian, (hereinafter "KETABIAN" AND/OR PLAINTIFF) brings this action against Defendant Portfolio Recovery Associates, LLC (hereinafter "PORTFOLIO" AND/OR "DEFENDANT") and Does 1 through 10, inclusive (hereinafter collectively referred to as "DEFENDANTS") to set aside a void default judgment and for violations under Cal. Civ. Code §1788.17 and 15 U.S.C §1692 et. seq.

# II.

# JURISDICTION

2.    A trial court generally retains the inherent power to vacate a default judgment on equitable grounds where a party establishes that the judgment was void for lack of due process. *County of San Diego v. Gorham*, 186 Cal.App. 4th 1215, 1228 (2010).

3.    Extrinsic fraud occurs when a party is deprived of an opportunity to present a claim or defense to the court as a result of being kept ignorant or in some manner fraudulently prevented by the opposing party from fully participating in the proceeding. *County of San Diego v. Gorham*, 186 Cal.App. 4th 1215, 1229 (2010).

4.    A judgment may be set aside in an independent equitable action without time limit. *OC Services, LLC v. Nationstar Mortgage, LLC*, 7 Cal.App. 5th 1318, 1327 (2017).

5.    In addition, this court also has jurisdiction under 28 U.S.C. § 1331 because there is a federal question giving rise to Plaintiff's claim under 15 U.S.C. §1692, et. seq. and under 28 U.S.C. §1332 based on

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

diversity of citizenship since the Plaintiff resides in San Diego County, California and the corporate headquarters for Defendant Portfolio is located in Norfolk, Virginia.

## III.

## FINDINGS AND PURPOSE OF CALIFORNIA CIVIL CODE §1788 et seq., the RFDCPA

6.     The California Legislature made the following **findings** and **purpose** in creating Civil Code §1788, the **RFDCPA**:

*(1)   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*

*(2)   There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*

*(3)   It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

7.     The California Legislature made the following **findings** and **purpose** in creating Civil Code §1788, the **RFDCPA**:

*(1)   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive*

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

*collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*

*(2) There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*

*(3) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

8.    On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair Debt Collection Practices Act ("FDCPA") which also superseded numerous provisions of the RFDCPA, such as Civil Code §1788.14, to the extent inconsistent, and which was enacted in 1977.

9.    The United States Congress has made the following **findings** and declaration of **purpose** under the **FDCPA**:

*(a) Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*

*(b) Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

*(e) Purposes. It is the purpose of this title [15 U.S.C.S. §§1692 et seq.] to eliminate abusive debt collection practices by debt collectors,*

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

4

*to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

## IV.

## PARTIES

10. At all times alleged herein, Plaintiff was an individual residing in the City of Oceanside, County of San Diego, State of California and from whom Defendant sought to collect on a void judgment based on lack of personal service on the Plaintiff and extrinsic fraud.

11. Defendants sought to collect a consumer debt which was due and owing from Plaintiff or alleged to be due and owing from Plaintiff. As such, Plaintiff is a "debtor," as that term is defined by California Civil Code §1788.2(h) and 15 U.S.C. §1692a.

12. DEFENDANT, PORTFOLIO is a Virginia Corporation and/or some other unknown type of business entity and qualified to do business in the State of California and was doing business in the County of San Diego at all times alleged herein.

13. This Court has personal jurisdiction over DEFENDANTS, because DEFENDANT PORTFOLIO conducts business in the County of San Diego and State of California. Therefore, DEFENDFANT PORTFOLIO has sufficient minimum contacts with this state and otherwise purposely avails themselves of the markets in this state through the filing of collection lawsuits and collecting on accounts in the Southern District of California. Jurisdiction of this Court is permissible under notions of fair play and substantial justice.

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

14.   Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965(a) for the following reasons:

(a)   The named Plaintiff resides in the County of San Diego, State of California which is within this judicial district.

(b)   The conduct complained of herein occurred within this judicial district as DEFENDANT PORTFOLIO filed a collection action as against Plaintiff in the County of San Diego, State of California.

(c)   Defendants are subject to personal jurisdiction in this district, as they conduct business within this judicial district.

15.   DEFENDANT PORTFOLIO is in the business of acquiring "bad debts" which have been charged off by the original creditors and reporting the information and handling collection activities on those debts, including filing a plethora of collection lawsuits which is done in high volume on a regular basis.

16.   DEFENDANTS and each of them are in the ordinary course of business engage in debt collection as that term is defined California Civil Code §1788.2(c) and 15 U.S.C. §1692a and each Defendant is a "person" as that term is defined by California Civil Code §1788.2(g) and 15 U.S.C. §1692a.

17.   The true names and capacities, whether individual, corporate, associate or other, of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff. When the true names and capacities of such defendants are ascertained, Plaintiff shall amend this complaint to allege the same. Plaintiff is informed and believes, and based thereon alleges, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

18.  For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants and each of them herein.

19.  The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

20.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f) and 15 U.S.A. §1692a.

## V.

## FACTS

21.  On or about December 23, 2010, Defendant caused to be filed a Debt Collection Complaint as against Plaintiff Ketabian in this Court.  Said complaint was captioned as *Portfolio Recovery Associates, LLC v. Shahin Ketabian*, Case Number 37-2010-00063374-cl-cl-nc (herein after referred to as the "PRIOR ACTION") (Register of Action, "ROA" No. 1).  On December 27, 2010, this court issued a summons. (ROA No. 4)

22.  On or about January 3, 2011, the Defendant filed a Return Proof of Service on Plaintiff with this Court. (ROA No. 6) The Proof of Service alleged that Plaintiff was served on December 28, 2010 at

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

7:38 p.m., at 6735 Follette Street, Carlsbad.   A true and correct copy of the Return Proof of Service that was filed by Defendants in the PRIOR ACTION is attached hereto as Exhibit "A" and incorporated herein by reference.

23.   On or about September 6, 2011, Defendant filed a Request for Entry of Default as against Plaintiff, (ROA No. 7) and on September 6, 2011, a Default was entered by the clerk against Plaintiff based on the false and fraudulent Return Proof of service filed by Defendant (Exhibit "A").

24.   On or about, a September 7, 2011, a Judgment was entered in the PRIOR ACTION finding favor of Defendant and against Plaintiff. Said Judgment orders that Plaintiff is to pay Defendant the sum of $10,190.59.

25.   On or about July 29, 2013, Plaintiff for the first time became aware of the Judgment obtained by the fraudulent and false Return Proof of Service when his bank account was levied against based on the void judgment. He was not able to obtain legal counsel to resolve this problem until now.

26.   Plaintiff did not reside at the address located at 6735 Follette Street, Carlsbad, California.  This was the address of Plaintiff's parents, Elizabeth and Rassoul Ketabian.  He had not lived with his parents since on or about February 9, 2009.

27.   In fact, Defendants were specifically advised by Plaintiff's parents Elizabeth and Rassoul Ketabian to stop calling them and that the Plaintiff did not live at their home address located at 6735 Follette Street, Carlsbad, California and had not lived there for over a year. Nonetheless, despite knowing that the Plaintiff did not live at the 6735

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

Follette Street, allegedly served him at a location where it knew he no longer lived and had not lived for a year.

## PLAINTIFF Suffered Damages As A Result Of DEFENDANTS' Conduct

28.     As a direct result of Defendants' illegal and harassing debt collection practices in failing to personally serve the Plaintiff he was deprived of the opportunity to defend himself, Plaintiff incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, depression, humiliation, indignity, pain and suffering, and other injuries. Plaintiff, in being held liable on a void and illegal judgment felt hopeless and felt there was no way out.

29.     Plaintiff is also experiencing intense anxiety due to the void and illegal judgment and the Defendants unrelenting debt collection practices. The fact Defendant refused and continues to refuse to release the void and invalid judgment lien and it has even wrongfully levied Plaintiff's bank account on at least two occasions. The sums wrongfully taken from Plaintiff's bank account based on the illegal and void judgment by the Defendants are in excess of one thousand dollars.

30.     Plaintiff incurred further out of pocket monetary damages for banking fees on the levied funds, interest on the bank funds from each levy date to the present and attorney fees and costs, etc. and damage to his credit which make him unable to obtain credit.

31.     Plaintiff incurred additional incidental actual damages including, but not limited to, gas and transportation costs traveling to the law firm, telephone call charges, postage, and other damages.

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

32. Plaintiff continues to incur attorney fees and costs in filing this suit and bringing this matter to trial.

33. Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce his rights guaranteed under Title 11, the FDCPA and RFDCPA. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

## VI.
### FOUR CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FOR INDEPENDENT ACTION IN EQUITY
### TO SET ASIDE AND VACATE JUDGMENT FOR LACK OF
### PERSONAL JURISDICTION

34. Plaintiff realleges and incorporates the above paragraphs of this complaint, as though fully set forth herein.

35. Plaintiff was never served with the complaint in the PRIOR ACTION. He was not at his parents' house on December 28, 2010 at 7:38 p.m.

36. Plaintiff had not lived with his parents for over a year, since February of 2009.

37. Plaintiff lived with his roommate, Michael Prachyl and was with him at the time of the purported service.

38. Moreover, Plaintiffs' parents Elizabeth and Rassoul Ketabian were never personally served or even received the complaint in the PRIOR ACTION and would have most certainly given the same to their son.

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

10

39. Plaintiff did not even receive mail at his parent's house. His parents did not receive anything from Defendant Portfolio. In fact, his parents specifically advised Defendant that Plaintiff no longer lived with them and to stop calling them since this was not his residence or phone number.

40. Accordingly, the Return Proof of Service filed in the PRIOR ACTION, Exhibit "A" was false and as a result the court in the PRIOR ACTION never obtained personal jurisdiction over the Plaintiff and any judgment entered therein was void.

41. Furthermore, because the court in the PRIOR ACTION never obtained personal jurisdiction over the Plaintiff, any judgment rendered therein was void and had no legal effect.

42. Plaintiff files this independent action in equity as a direct and collateral attack on the judgment in the PRIOR ACTION because it is void for lack of personal jurisdiction and should be vacated by this Court as the alleged service on Plaintiff by Defendants in the PRIOR ACTION was defective and invalid and the action dismissed for failure to serve the Plaintiff within three years pursuant to Cal. Civ. P. Code §583.210.

**SECOND CAUSE OF ACTION**

**FOR INDEPENDENT ACTION IN EQUITY TO SET ASIDE AND VACATE JUDGMENT DUE TO EXTRINSIC FRAUD OR MISTAKE**

43. Plaintiff realleges and incorporates the above paragraphs of this complaint, as though fully set forth herein.

44. On or about January 3, 2011, the Defendant caused to be filed a false Return of Proof of Service on Plaintiff in the PRIOR ACTION. (ROA

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

11

No. 6) The Return Proof of Service alleged that Plaintiff was served on December 28, 2010 at 7:38 p.m., at 6735 Follette Street, Carlsbad. (See Exhibit "A").

45.   On or about July 29, 2013, almost two years after the Default Judgment was obtained, Plaintiff for the first time became aware of the Default Judgment obtained by Defendants based on the fraudulent and false Return Proof of Service when his bank account was levied against by Defendants based on the void judgment.

46.   Plaintiff was denied the opportunity to respond to the complaint or to mount a defense thereto.  Plaintiff questions the validity of the alleged debt and also the ownership of this account. He was not given the opportunity to conduct discovery and to see what evidence, if any support Portfolio's claim against him.

47.   Plaintiff has never had an account with Portfolio and was never advised that any of his other accounts were assigned, sold, or transferred to Portfolio for collection.

48.   Defendants' actions in failing to personally serve the Plaintiff prevented the Plaintiff from defending himself in the PRIOR ACTION and as a result his due process rights and right to a fair trial were denied.

49.   Plaintiff is informed and believes, and based thereon alleges that, Defendant knew from its own personal knowledge that Plaintiff did not reside at 6735 Follette Street, Carlsbad on December 28, 2010 at 7:38 p.m.   Defendant knew from its own personal knowledge because Plaintiff's parents repeatedly advised Defendant that Plaintiff did not reside at their house and to stop calling. Plaintiff had not lived at this address since February of 2009.

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

50. Plaintiff files this independent action in equity as a direct and collateral attack on the judgment in the PRIOR ACTION on the grounds that it is void and that it was procured through extrinsic fraud or mistake due to the actions of Defendant as alleged herein and should be vacated by this Court as the alleged service on Plaintiff by Defendants in the PRIOR ACTION was defective and invalid as Defendants knew from their own personal knowledge that Plaintiff did not reside at the address where the alleged service was made. Moreover, Plaintiff's parents were never served either personally or by the U.S. Mail.

### THIRD CAUSE OF ACTION
### <u>VIOLATION OF THE FDCPA (under 15 U.S.C. §1692f(1)</u>

51. Plaintiff realleges and incorporates the above paragraphs of this complaint, as though fully set forth herein.

52. FDCPA 15 U.S.C. §1692f(1) provides in pertinent part:

   *A debt collector may not use unfair or unconscionable means to collect a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless permitted by the agreement creating the debt or permitted by law.*

53. Defendant and each of them violated 15 U.S.C §1692f(1), since it wrongfully sought to collect on a judgment in the PRIOR ACTION that was based on fraud and had no legal effect.  Defendant had no right to collect on the Judgment. As a result, the Portfolio Judgment

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

was void. Moreover, since the Plaintiff has not been served with service of process in three years in the PRIOR ACTION and is subject to dismissal under Cal. Civ. P. §583.210.

54.     Defendant's harassed Plaintiff after being directly notified of the fact that Plaintiff did not live at the Carlsbad address. This was all done in an effort to force Plaintiff to pay on a void judgment and the PRIOR ACTION should be dismissed with prejudice.

55.     Defendant further harassed Plaintiff by initiating several wrongful writs of execution and wrongfully taking money from the Plaintiff's bank account on multiple occasions.

56.     Further, Doan Law Firm made a demand to Defendant to release its illegal Judgment lien. Yet, Defendants refused and continues to refuse to release the illegal and void judgment. This is done for the purpose to force Plaintiff to pay a void judgment and for a debt he did not owe.

57.     Defendant and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692f(1).

58.     The foregoing violations by Defendant was willful and knowing violations of 15 U.S.C. §1692k, and trigger a **penalty of up to $1,000.00.**

/ / /

/ / /

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

14

# FOURTH CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA
### (Under 15 U.S.C. §1692f(1))

59.   Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

60.   California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

61.   *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

62.   15 U.S.C. §1692f(1) of the FDCPA provides in pertinent part:
A debt collector may not use unfair or unconscionable means to collect a debt. Without limiting   the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge, or expenses incidental to the principal obligation) unless permitted by the agreement creating the debt or permitted by law.

63.   Defendants violated 15 U.S.C. §1692f(1) as incorporated into the RFDCPA because Defendants were collecting on a judgment in the PRIOR ACTION that was based on fraud and had no legal effect. Defendant had no right to collect on the debt. As a result, the Portfolio Judgment was void. Moreover, since the Plaintiff has not been served with service of process in three years in the PRIOR ACTION and would also be subject to dismissal under Cal. Civ. P. §583.210.

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

64. Defendant's harassed Plaintiff after being directly notified of the fact that Plaintiff did not live at the Carlsbad address. This was all done in an effort to force Plaintiff to pay on a void judgment and the PRIOR ACTION should be dismissed with prejudice.

65. Defendant further harassed Plaintiff by initiating several wrongful writs of execution and wrongfully taking money from the Plaintiff's bank account on multiple occasions.

66. Further, Doan Law made a demand to Defendant to release its illegal Judgment lien. Yet, Defendant refused and continues to refuse to release the illegal and void judgment. This was and is being done for the purpose of forcing Plaintiff to pay on a void judgment and on an account that he did not owe to Defendant.

67. California Civil Code §1788.17 requires that Defendants to comply with the provisions of 15 U.S.C. §1692f(1).

68. The foregoing violations of 15 U.S.C. §1692f(1) by Defendants resulted in separate violations of California Civil Code §1788.17.

69. California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692f(1).

70. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger **a penalty of up to $1,000.00.**

/ / /

/ / /

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

16

# VII.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, respectfully prays this Court set aside the default judgment and dismiss the PRIOR ACTION with prejudice and grant relief for statutory, general, special, consequential, and incidental damages according to proof, but not less than **$25,000.00**. Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

      A.    For an order of this court setting aside and vacating the judgment entered on September 7, 2011 because the judgment is void on the grounds of lack of personal jurisdiction;

      B.    For an order of this court to dismiss with prejudice the PRIOR ACTION because the judgment is void because it was procured with extrinsic fraud and the Plaintiff was not served within three years pursuant to Cal. Civ. P. §583.210;

      C.    **Actual Economic Damages** totaling in excess of **$5,000.00**, consisting of **attorney fees** previously paid to DOAN LAW, LLP to end the illegal debt collection, amount levied from Plaintiffs account, bank fees of $125, interest on the levied funds, transportation, gasoline, telephone call charges, and postage, pursuant to California Civil Code §1788.30(a); **$1,000.00  Additional Damages** pursuant to California Civil Code §1788.17 incorporating 15 U.S.C. §1692k; and other economic damages accruing prior to the Order for Bankruptcy Relief;

      D.    **Actual Non-Economic Damages** of **at least $15,000.00** pursuant to California Civil Code §1788.30(a) for mental and emotional distress, anxiety, fear, embarrassment, causing shame and embarrassment to Plaintiff by communicating to his girlfriend that he owed a debt and

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

other injuries;

E.    **Statutory Penalties of at least $1,000.00** against Defendants arising from violations 15 U.S.C. §1692f (1));

F.    **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692f(1));

G.    **Costs of Litigation** and reasonable **Attorney's Fees** against Defendants pursuant to California Civil Code §§1788.30, Cal. Code Civ. Proc. §1021.5, and 15 U.S.C. §1692;

I.    **Injunctive Relief** against Defendants, restraining them from any further collection on this debt and to compel Defendants to release the illegal and wrongfully recorded judgment lien and to dismiss this action;

J.    **Declaratory Relief** against Defendants, declaring their practices of communicating with and harassing Plaintiff was in violation of California Civil Code Section §§1788.14, and 1788.17 and 15 U.S.C. § 1692, et. seq.; and

K.    Such **other and further relief** as the Court may deem just and proper

Dated:                                  Respectfully submitted,

                                        **DOAN LAW, LLP**


                                    By:    *Karen S. Spicer*
                                            Karen S. Spicer
                                            Attorney for Defendant
                                            Shahin Ketabian

**COMPLAINT TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**